UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

SK FOODS, L.P., a California
limited partnership,

       Debtors.
_____/
BRADLEY D. SHARP, et al.,

       Plaintiffs,

          v.                        CIV. NO. S-11-1839 LKK

FRED SALYER IRREVOCABLE
TRUST, et al.,

       Defendants.
_____/
In re:

SK FOODS, L.P., a California
limited partnership,

       Debtors.
_____/

BRADLEY D. SHARP, et al.,

       Plaintiffs,

          v.                        CIV. NO. S-11-1840 LKK

SKF AVIATION, LLC, et al.,

       Defendants.
_____/

```
 1  In re:

 2  SK FOODS, L.P., a California
    limited partnership,
 3
              Debtors.
 4  _____/
    BRADLEY D. SHARP, et al.,
 5
              Plaintiffs,
 6
              v.                          CIV. NO. S-11-1841 LKK
 7
    SCOTT SALYER, as trustee of
 8  the Scott Salyer Revocable
    Trust, et al.,
 9
              Defendants.
10  _____/
    In re:
11
    SK FOODS, L.P., a California
12  limited partnership,

13            Debtors.
    _____/
14  BRADLEY D. SHARP, et al.,

15            Plaintiffs,

16            v.                          CIV. NO. S-11-1842 LKK

17  SSC FARMS 1, LLC, et al.,

18            Defendants.
    _____/
19  In re:

20  SK FOODS, L.P., a California
    limited partnership,
21
              Debtors.
22  _____/
    BANK OF MONTREAL, as
23  Administrative Agent, successor
    by Assignment to Debtors SK Foods,
24  L.P. and RHM Industrial
    Specialty Foods, Inc, a
25  California corporation, d/b/a
    Colusa County Canning Co.,
26
```

```
 1            Appellant,

 2                  v.                              CIV. NO. S-11-1845 LKK

 3  SCOTT SALYER, et al.,

 4            Appellees.
    _____/
 5  In re:

 6  SK FOODS, L.P., a California
    limited partnership,
 7
              Debtors.
 8  _____/
    BANK OF MONTREAL, as
 9  Administrative Agent, successor
    by Assignment to Debtors SK Foods,
10  L.P. and RHM Industrial
    Specialty Foods, Inc, a
11  California corporation, d/b/a
    Colusa County Canning Co.,
12
              Appellant,
13
                    v.                              CIV. NO. S-11-1846 LKK
14
    INTERNAL REVENUE SERVICE, et al.,
15
              Appellees.
16  _____/
    In re:
17
    SK FOODS, L.P., a California
18  limited partnership, et al.,

19            Debtors.

20  BANK OF MONTREAL, as
    Administrative Agent, successor
21  by Assignment to Debtors SK Foods,
    L.P. and RHM Industrial
22  Specialty Foods, Inc, a
    California corporation, d/b/a
23  Colusa County Canning Co.,          CIV. NO. S-11-1847 LKK

24            Appellant,

25                  v.

26  CSSS, L.P.,
```

3

```
            Appellee.
_____/
In re:

SK FOODS, L.P., a California
limited partnership, et al.,

            Debtors.

BANK OF MONTREAL, as
Administrative Agent, successor
by Assignment to Debtors SK Foods,
L.P. and RHM Industrial
Specialty Foods, Inc, a
California corporation, d/b/a
Colusa County Canning Co.,                  CIV. NO. S-11-1849 LKK

            Appellant,

                  v.

CALIFORNIA FRANCHISE TAX
BOARD, et al.,

            Appellees.
_____/
In re:

SK FOODS, L.P., a California
limited partnership, et al.,

            Debtors.

BANK OF MONTREAL, as
Administrative Agent, successor
by Assignment to Debtors SK Foods,
L.P. and RHM Industrial
Specialty Foods, Inc, a
California corporation, d/b/a
Colusa County Canning Co.,                  CIV. NO. S-11-1850 LKK

            Appellant,

                  v.

CALIFORNIA FRANCHISE TAX
BOARD, et al.,

            Appellees.
_____/
```

```
 1  In re:

 2  SK FOODS, L.P., a California
    limited partnership, et al.,
 3
              Debtors.
 4
    BANK OF MONTREAL, as
 5  Administrative Agent, successor
    by Assignment to Debtors SK Foods,
 6  L.P. and RHM Industrial
    Specialty Foods, Inc, a
 7  California corporation, d/b/a
    Colusa County Canning Co.,              CIV. NO. S-11-1853 LKK
 8
              Appellant,
 9
                  v.
10
    CARY SCOTT COLLINS, et al.,
11
              Appellees.
12  _____/
    In re:
13
    SK FOODS, L.P., a California
14  limited partnership, et al.,

15            Debtors.

16  BANK OF MONTREAL, as
    Administrative Agent, successor
17  by Assignment to Debtors SK Foods,
    L.P. and RHM Industrial
18  Specialty Foods, Inc, a
    California corporation, d/b/a
19  Colusa County Canning Co.,              CIV. NO. S-11-1855 LKK

20            Appellant,

21                v.

22  CARY SCOTT COLLINS, et al.,

23            Appellees.                         O R D E R
    _____/
24

25  ////

26  ////
```

**I.  BACKGROUND**

On June 28, 2011, the Bankruptcy Court implemented this court's December 10, 2010 and April 14, 2011 remand orders[1] by issuing stays in the above-referenced adversary proceedings. This court's remand order, in turn, was predicated upon the pendency of the federal criminal prosecution against F. Scott Salyer,[2] and the factors set forth in Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995).

Salyer has now pled "guilty" in his criminal case, although the case is still pending, with sentencing yet to be determined. The Keating factors therefore do not appear to weigh in favor of a continued stay, especially those factors relating to the public interest in protecting the constitutionally protected right of presumed innocence, and the obligation of proof, which falls only on the prosecution.

The court is aware that Salyer pled guilty under a procedure that permits him to withdraw his guilty plea if this court rejects the plea agreement reached by the prosecution and the defense.[3] The court is also aware, however, that both the government and Salyer are represented by highly competent counsel who know far more about this criminal case than does the court, including the respective likelihoods of success at trial. The remote chance that

---

[1] See SSC Farms I, LLC v. Sharp, 11-cv-1492-LKK (Dkt. Nos. 56 and 74).

[2] See U.S. v. Salyer, 10 Cr. 61 (E.D. Cal.).

[3] See Fed. R. Crim. P. 11(c)(3) & 11(c)(5)(B).

6

this court would reject the sentencing range under these conditions does not appear sufficient to justify a continued stay of the Bankruptcy Court proceedings.

Accordingly, these matters are remanded to the Bankruptcy Court with instructions to vacate the stays, or to explain why the stays should remain in place in light of Salyer's guilty pleas.

IT IS SO ORDERED.

DATED: June 6, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT